**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LARRY DANCY,**

    **Plaintiff,**

v.                                            Case No: 5:24-cv-288-WFJ-PRL

**USP COLEMAN 1 STAFF, S. WITHERS, FNU STEPHENS, FNU PACHULLIA, FNU PHELPS, N FULCHEN, FNU SOOKDEO, FNU KITCHEN, C. CARROLL, T. BROWN and B. SMITH,**

    **Defendants.**

## ORDER

Before the Court is Plaintiff Larry Dancy's Civil Rights Complaint (Doc. 1) filed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff, proceeding *pro se*, is currently housed in the Coleman Federal Correctional Complex. Plaintiff alleges on April 26, 2023, his First and Eighth Amendment rights were violated by correctional officers at USP Coleman II when after being subjected to an unnecessary use of force, he was handcuffed behind his back, dragged across the recreation yard, dropped on his face causing him to lose consciousness, and was left naked from the waist down. (Doc. 1 at 3, 7, 19–26). Plaintiff claims that these actions were done in retaliation to Plaintiff's previous PREA complaint against the officers.

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b) Grounds for Dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In addition, 28 U.S.C. § 1915(e) directs courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation omitted).

The Court takes judicial notice of Case No. 5:23-cv-558-CEM-PRL (M.D. Fla.) wherein Plaintiff is suing most of the same Defendants for the actions and injuries resulting from the aforementioned PREA complaint and the retaliatory excessive force incident as plead in this current case. *See* Case 5:23-cv-558-CEM-PRL, Doc. 1 at 6–8. Plaintiff may not simultaneously litigate duplicative actions in two separate cases in this Court. *See Russell v. Sec'y, Fla. Dep't of Corr.*, 2019 WL 4138399, at *1 (11th Cir.

2019) (unpublished) (noting *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817–18 (1976) clarifies "that federal courts have the inherent administrative power to dismiss duplicative litigation").

Accordingly, Plaintiff's civil rights complaint (Doc. 1) is **DISMISSED**. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 28, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
*Pro Se* Party